JAN 0 3 2008

**FILED**

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, CHICAGO, ILLINOIS

JAN X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Clemon Lacy d/b/a Lacy Enterprises, et. al, | |
| PLAINTIFF, | |
| v. | |
| City of Chicago, Tom Kness, et. al, | |
| RESPONDENT(s). | |

No. __

08cv56
Judge MANNING
Mag. Judge MASON

JUDG

MAGI

### AND AS CONCURRENTLY FILED WITH RECIPROCAL JURISDICTION;

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHICAGO, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| CLEMON LACY d/b/a LACY ENTERPRISES, et al., | ) #07 CH 26147 |
| Plaintiff (s), | ) |
| v. | ) Judge Leroy K. Martin |
| CITY OF CHICAGO, TOM KNESS, et al. | ) |
| Respondent (s). | ) |

### REMOVAL MOTION WITH REQUESTED ORDER

COMES NOW, CLEMON LACY d/b/a LACY ENTERPRISES, Pro Se Petitioner, in the above captioned matter in the Circuit Court of Cook County, Illinois, Chicago, Illinois, the Court of Initial Jurisdiction, and in the United States District Court for Northern District of Illinois, Eastern Division, Chicago, Illinois, The Court of Original Jurisdiction, wherein this Plaintiff is also proceeding Pro Se, and invokes the concurrent and reciprocal jurisdictional statutes and rules of both Courts rules on this Plaintiff's **"Answer to Respondent's Motion to Dismiss with Supporting Affidavit Incorporated"** pursuant to both Courts' laws, rules, regulations and case law precedents, as plead, argued and stated therein, and as herewith combined, incorporated and attached hereto, as part of this instant removal motion; and that, this Plaintiff moves the U.S District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, the higher Court, to effectuate removal of this matter on the day, at the moment, and instantur, when the lower Court enters judgment of this matter pursuant to both Federal law and Illinois law; and further, Petitioner Lacy moves the higher Court to determine, adjudge, and ratify and affirm the lower Court's order upon a finding the lower Court's ruling is in accord with Federal law rule and regulation; or not; and herewith incorporates into this instant motion, as an affidavit in support, the following statements;

In support of this motion affiant and Plaintiff states;

1. On 12/3/07, the lower Court entered a briefing schedule order requiring this Plaintiff to answer the Respondent(s) "Motion to Dismiss" on or before 12/24/07.

2. In said order of 12/3/07, the lower court impartially, correctly and in accord with all judicial canons, acknowledged and impartially advised all parties, of all parties right, with the Courts authority, to invoke and incorporate concurrent reciprocal jurisdictional statues, by requiring Respondents to include all Federal and Non-Illinois cases in their response to this Plaintiff's answer. (Order #4 of the referenced order.)

1

3. The lower Court, in the referenced order, required this Plaintiff to file answer on/or before 12/24/07. (#2 In the Order of 12/3/07.)

    A. By reference, attachment, combination, inclusion and notice, this Plaintiff has acted in all good faith compliance with the lower Courts order of 12/3/07.

    B. If Respondents and/or Respondents attorneys claim this removal motion, or any filed attachments are supplemental briefs, Plaintiff references #4 of the 12/3/07 Order.

4. Respondents have filed a constructive plea of No Contest, that by law and rule of law, both Courts must accept.

5. Plaintiff moves both Courts to limit Respondents response, due in the Circuit Court of Cook County, Illinois, that justify and authorize, by statute, rule of law, regulation and case law precedent, both Courts not being required to accept Respondents' plea of No Contest.

    A. Illinois and Federal law that permits the arguing law and facts in a dismissal motion.

    B. Law and case law precedent that permits and authorizes the Respondents denial of the supremacy clause of all Federal law, and the United States Constitution.

    C. After Respondents have insistently used "Ignorance of the law" as a defense, as to rule of law and/or case law precedent permits, allows or authorizes both Courts not accepting a plea of No Contest.

i. Any denial or claims by Respondents of not understanding the impartial order of the Circuit Court, 12/3/07, is face value and supporting evidence of Respondents' insistent entry of an ignorance of the law defense.

6. At hearing January 11, 2008 at 9:30 am, Judge Leroy K. Martin, Jr., by law and order of his Court may enter judgment against all Defendants.

    A. By law and rule of law, he may defer judgment and/or enter judgment on February 10, 2008, or as the Court calendar may allow.

    B. This **Removal Motion** should become effective thereon and/or thereat.

7. Plaintiff moves the United States District Court to effectuate removal of these matters thereat and/or thereon, instantur.

    A. By construction of both Courts rules and regulations and law, the United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, should rule on these matters within 30-60 days of the Circuit Court's final order, pursuant to concurrent reciprocal jurisdiction statutes, Illinois law and Federal law.

    B. It is lawful and authorized for the higher Court to assign this matter to a magistrate judge, that Respondents by action and rule of law have agreed to; and Plaintiff herewith agrees to.

8. Plaintiff moves both Courts to consider all federal laws but not limited to; the Constitution of the United States of America, 1st Amendment, 14th Amendment, the Supremacy Clause, Contract Clause; "The De-Regulation Act of 1995" including "Transportation Tariff of 1995" in perpetuity; The Uniform Commercial Drivers License Act of 1986; "Corpus Juris Secondum" all case law precedent regarding "bad faith non-compliance and bad faith special additional billing"; the Anti-Governmental Waste, Fraud, Abuse, and Whistleblowers Protection Act; the Rico Act, civil provisions only; the Civil Rights Act of 1964, "the Anti-Nuremburg Trials Defense Act", as referenced and attached thereto; the Inspector General's Act of 1978; the Federal rules of Civil Procedure.

9. Plaintiff moves both Courts to consider all Illinois laws but not limited to the Constitution of the State of Illinois; Illinois Revised Statutes as abridged in ILCS; The Illinois Anti-Racketeering Act, civil provisions only; trust law; escrow rules and law; **"The Illinois Corporate Accountability Act," (Ref. Plaintiffs answer Par. 1 sub. D, pg. 2; Par. 2 Pg. 2; Par. 3 A-D, Pgs. 2 & 3; Par. 4 Pg. 3, Par. 5 Pgs. 3 & 4, Par. 14-24 Pgs. 6 & 7;);** tort law and precedent; Illinois rule and procedure Illinois Code of Civil Procedure; Ref. contract and all Affirmative Action rules, regulations and MBE rules and regulations; Illinois Representatives Professional Code of Conduct; Assumed Name Act; and all laws as herewith incorporated, attached and cited in this Plaintiffs answer as noticed and filed on 12/24/07.

Wherefore Plaintiff prays and seeks both Courts grant the following relief;

10. The Circuit Court of Cook County, Illinois adjudge, order and decree, in accord with Illinois and Federal law, that Respondents have constructively entered a "No Contest" Plea, thereby waiving all appeal rights, further arguments of law and fact, waiving any continuance, withdrawal or amendment of issues, and enter judgment against the Respondents and in favor of this Plaintiff for all relief sought and amounts sought, subject only to the ratification of this judgment and the lower Courts orders being ratified by the US District Court.

11. Plaintiff moves the higher Court, in this matter, to remove instantur, Plaintiff action upon entry of judgment and ratify said judgment by a Federal Courts judicial determination, within 30 days of removal and order and decree all judgments, if any, against the Defendants due Plaintiff are payable 30-60 days after ratification.

12. For such other relief both Courts may determine are in the best interest of the furtherance of truth, justice and liberty for all, as a matter of law and equity.

The Plaintiff, movant and affiant herein, not sayeth further.

Certified and sworn and to be true,

_____

Pro Se Plaintiff Clemon Lacy d/b/a Lacy Enterprises
724 E. 104th St
Chicago, IL 60628
(773) 544-6422 cell/(773)264-2557

Notice

12/21/2007　02:54　7732647734　LACY ENT　PAGE　02
FROM : 0000　　　　　　　FAX NO. : 0000000000　　Dec. 21 2007 01:26AM P2

FILED - 2

2007 DEC 24　PM 3: 14

FILED - 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHICAGO ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

2007 DEC 24　PM 3: 14

Clemon Laly d/b/a Lacy Enterprises

JAIME HERNANDEZ, d/b/a AZTEC TRUCKING INC., et al.,
　　　　　Plaintiff (s),

　　v.

CITY OF CHICAGO, TOM KNESS, et al.
　　　　　Respondent (s).

07 CH 36149

Judge Leroy K. Martin

CLERK
DOROTHY BROWN　CLERK

## NOTICE OF FILINGS ANSWER & MOTIONS

To: The City of Chicago　　　　Tom Kness　　　Paul Volpe　　Mayor Richard M. Daley
　　City of Chicago Department of Law
　　30 North LaSalle St., Suite 1230　Attorneys of Record
　　Chicago, IL 60602

From: Clemon Lacy d/b/a Lacy Enterprises　　　　Pro Se　Plaintiff
　　　724 E. 104th St.
　　　Chicago, IL 60628

　　**PLEASE TAKE NOTICE** on January 11, 2008 at 9:30 a.m, in Room 2008 of the Richard J.
Daley Center, 50 W. Washington, Chicago, IL 60602, before Judge Leroy K. Martin, Jr., or any
judge sitting in his stead, the following undersigned Pro Se Plaintiff, Clemon Lacy, will present and
seek justice and adjudication on the following filings:

1. ANSWER TO DEFENDANT'S MOTION TO DISMISS WITH SUPPORTING
AFFIDAVIT INCORPORATED;
2. REMOVAL MOTION;
　A. With requested order attached
　B. To be concurrently filed in US District Court with Federal Notice
3. MOTION TO CONSOLIDATE CASES AND DETERMINATION OF CLASS ;
　A. To be concurrently filed in US District Court with Federal Court.
4. DECLARATORY AFFIDAVIT OF MAYOR RICHARD M. DALEY, when and where
judgment may be entered against you.

　　　　　　　　　　　　　　　Certified and sworn to be true,

　　　　　　　　　　　　　　　_Clemon Lacy_
　　　　　　　　　　　　　　　Clemon Lacy

I the undersigned hereby certifies that notice and service has been completed to attorneys of record
and copy mailed on this day 12/24/07.

　　　　　　　　　　　　　　　_Clemon Lacy_
　　　　　　　　　　　　　　　Clemon Lacy Pro Se

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, CHICAGO, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CLEMON LACY d/b/a LACY ENTERPRISES, et al.,

          Plaintiff (s),

         v.

CITY OF CHICAGO, TOM KNESS, et al.

          Respondent (s).

FILED #07 CH 26147

2007 DEC 24   PM 3: 14

Judge Leroy K. Martin

CIRCUIT COURT COOK
COUNTY ILLINOIS
CHANCERY DIV.

_____ CLERK

*Answer*

## ANSWER TO DEFENDANT'S MOTION TO DISMISS WITH SUPPORTING AFFIDAVIT INCORPORATED

     COMES NOW, Pro Se Plaintiff, CLEMON LACY, as a person in his own right, and d/b/a LACY ENTERPRISES, an Illinois corporation, of which Lacy is an officer, and lawfully entitled to represent or defend in any legal action, absent being a licensed attorney, and that said corporation is registered with the United States Department of Transportation as a trucking company, subject to and entitled to benefits of terms and conditions contained in the "Federal Transportation Tariff of 1995," subject to contractual modification, and all good faith case law precedent requiring fair payment of transportation work performed by teamsters, draymen and bargemen, and, as herein stated, and plead in the original complaint, a signator of a trucking contract with the City Of Chicago, as vendor # 1062248 registered and approved by the City of Chicago, as an MBE in contract (P.O) number 6286, entitled to certain work and rate percentage guarantees, by law and regulation afforded due process, and as a holder of a State of Illinois CDL# L200-1003-7039 pursuant to the **"Uniform Commercial Drivers License Act of 1986,"** granted direct access to The United States Court Of Appeals For The Seventh Circuit, Chicago, Illinois for all matters regarding his CDL and trucking issues, without requiring a licensed attorney to argue for, or represent him.

     Plaintiff Lacy, proceeds, invokes and incorporates into this answer, and into the original complaint, pursuant to all concurrent and reciprocal jurisdiction statutes of The Illinois Revised Statutes in construction with and combined with similar concurrent reciprocity of jurisdiction statutes pursuant to the United States Code, (Title 28 sec. 100, et seq.,) making The United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, the court of original jurisdiction, and this court, the Circuit Court of Illinois, Chicago, Illinois, the court of initial jurisdiction, requiring this court to rule on this matter in accord with all Illinois law and statute and all applicable federal law and regulations pertinent to the herein referenced contract and MBE certification of the contractual parties with removal of this matter to federal court by removal motion of the plaintiff, Lacy for ratification of this court's final order, and that, notwithstanding any law granting jurisdiction to the United States Court of Appeals, Seventh Circuit, Chicago, Illinois, appeal jurisdiction always goes to the higher courts, Court of Appeal pursuant to concurrent jurisdiction statutes, which in this case and matter before this court, is the United States Court of Appeals, for the Seventh Circuit, Chicago, Illinois, as the court with appellate jurisdiction.

     A. Attached is plaintiff's **"REMOVAL MOTION"** as Attachment A.
     Filed concurrently to be effective subsequent to this Court's entry of final order.

1. Plaintiff, Lacy d/b/a Lacy Enterprises as a City of Chicago certified MBE, was paid $50.17 per hour per truck for three (3) trucks for eight (8) years, pursuant to the herein referenced contract number and vendor identification number, or as may be amended, argued, or negotiated.

     A. Pursuant to the referenced contract with MBE certification guarantees, Plaintiff, Lacy was to be paid 90% of the rate of the highest paid contractor in the City of Chicago Hired Truck Program, Marina Cartage, at $81 per hour, as published in the local news media.

B. Contrary to the facts alleged, stated and argued in respondent's **"MOTION TO DISMISS"**, (Par. 18.B, et seq., ) all MBE certified vendors have a work guarantee, as specified in the contract, municipal code, Illinois Statue and Regulation and Federal law and regulations.

C. In a bad faith, willful and knowledgeable breach and noncompliance with the referenced contract and MBE certification, noncompliance with law, regulation and rules, the Respondents shorted or withheld payment of trucking work performed by Lacy Enterprises, $175 per hour.

i. 3 trucks X $175/hr. X 45 hrs/wk. X 52/wks/yr X 8/yrs = $9,828,000.00

ii. Plaintiff, Lacy herewith claims, as ACTUAL DAMAGES in bad faith non-payment of transportation contract between the parties being **$9,828,000.00 ACTUAL DAMAGES.**

D. Pursuant to federal statute, law, regulations, and case law precedent (ref. "Corpus Juris Secondum") a showing of bad faith by a transportation entity against a contracted consignee, shipper, or payor for services rendered requires a bad faith doubling of actual damages, **$19,656,000.00 ACTUAL DAMAGES.**

ALTERNATIVELY

Illinois Statute allows for a bad faith trebling of actual damages, **$29,484,000.00 ACTUAL DAMAGES.**

ALTERNATIVELY

This Court, at its discretion, as a matter of law, may treble the doubled amount of actual damages for **$58,968,000.00 ACTUAL DAMAGES.**

2. Pursuant to Illinois "Denial of Economic Opportunity Act", it is lawful for this Court to assess actual damages plus $500 per period against Respondent, the City of Chicago, plus $500 for each period that the City of Chicago shorted or withheld contracted payment to Plaintiff, Lacy.

A. There is no case law precedent for this Court to rely on as a judicial interpretation of this statute, wherefore Plaintiff, Lacy Enterprises moves this Court to establish case law precedent for the lawful determination of the $500 statutory/compensatory damages be applied at $500/hr/truck. **$10,920,000.00 STATUTORY/COMPENSATORY DAMAGES**

ALTERNATIVELY

Apply the $500 statutory/compensatory damages at $500/wk/truck. **$624,000.00 STATUTORY/COMPENSATORY DAMAGES**

ALTERNATIVELY

As this Court may determine is in the interest and furtherance of law and equity and in accordance with Illinois legislative intent, instructions and action as pertinent.

B. The City of Chicago had a contracted duty and obligation to pay Plaintiff, Lacy at the contracted MBE rate, failed to do so and Plaintiff, subsequent to the bad faith rescission of contract and failure to pay monies, resulted in the denial of Lacy expanding his business and/or the denial of the economic opportunity of enjoying the profits and fruits of his and his company's labor and profits as may have been invested.

3. Clemon Lacy d/b/a Lacy Enterprises is a direct contractor/vendor with The City of Chicago, paying all MBE vendors with monies from a variety of sources including, direct funding, block grants from combined state and federal sources and direct federal funding sources, all monies have certain percentages earmarked for MBE payment, including the Plaintiff.

A. The Respondent does not pay the MBE, this Plaintiff, the full amount of percentage monies contracted and earmarked for MBE payment, as required by law and regulation, but either keeps the money itself, and/or, unlawfully diverts this MBE's portion to a third party, or parties unknown, and then made false claims to accounting authorities that all monies earmarked for MBEs, has been paid to MBEs, in order to receive continued MBE funding.

B. Plaintiff, Lacy, herewith invokes, claims and proceeds with this action combined with the **"WHISTLEBLOWERS PROTECTION ACT"** granting a percentage of recovered and/or recoverable government funds to the whistleblower, this Plaintiff, in construction with the

**"INSPECTOR GENERAL'S ACT OF 1978,"** which provides a court authority to freeze or halt a governmental body or any governmental agents funding and actions in order to protect any single American citizen's rights, liberty or property, combined with provisions of **"THE RICO ACT"** and **"THE ILLINOIS ANTI-RACKETEERING ACT"**, that empowers this Court to issue orders to freeze, examine, seize, claim and/or assign to a private citizen, Plaintiff or Petitioner, (This Plaintiff) within the context of a civil action, this matter now before this court.

C. As a matter now, before this Court, Plaintiff, Lacy, moves this Court to calculate the amount of recovered and/or recoverable governmental funds payable to Plaintiff as a **WHISTLEBLOWER"** benefit, from all sources, at twenty-one percent (21%), and/or in the amount and percentages, as this Court may determine is lawful and equitable.

D. Plaintiff claims, states, alleges, and asserts Respondent's Paul Volpe and Tom Kness, as part of an ongoing criminal enterprise prohibited by **"THE RICO ACT"** and the **"THE ILLINOIS ANTI-RACKETEERING ACT"** in construction with other laws and regulations herein invoked, and in the original complaint, have unlawfully used, diverted and commingled funds due to Plaintiff, Lacy, as a result of Plaintiff's good faith compliance with a cartage contract and as a certified MBE, and that, Respondents abused the governmental positional authority they held in the City of Chicago municipal government, to withhold payment due Lacy for good faith trucking work performed in the unlawful enrichment of the City of Chicago, themselves, as persons in their own right, and/or third party, or parties, unknown.

4. Respondents, and possible third parties, abusing the governmental and positional authority over MBE funds, denied full contracted payment to Lacy due to his race and/or ethnic origin, which that is the exact unlawful discriminatory practices the MBE program was created to remedy, and a willful malicious malfeasant/misfeasant violation of plaintiffs civil rights, by a government official, and contrary to Illinois law, and expressly prohibited by the **"The Civil Rights Act of 1964."**

A. Illinois Law limits compensatory damage claims for the malfeasant/misfeasant violation of a citizens civil rights to $15,000.00.

i. Plaintiff moves this Court to enter judgment against Respondents for a government official malfeasantly/misfeasantly violating Plaintiffs civil rights in the amount of $15,000.00 statutory compensatory damages.

ii. While Illinois law provides for $50,000.00 civil rights violation per count, in construction with the preceding and following subsections of this Plaintiffs instant answer, plaintiff moves this Court to enter an Illinois statutory judgment against defendants and in favor of plaintiff for the amount of $50,000.00 compensatory/statutory damages.

iii. On November 26, 2007, all Defendants filed a **Motion to Dismiss**, that this Court, and all Courts properly established in the judicial branch of government, under the authority of "The Constitution of the United States of America", by law, views as being equivalent to a motion for summary judgment, and that, as a matter of law and fact, these defendants have concurrently filed, within the context of a motion for summary judgment, regardless of the number of counts of civil rights alleged, pursuant to USC Title 42 Sec. 2000; et. seq., a single $75,000.00 is specified, where Plaintiff moves this court, in accordance with Federal law, as this matter is filed pursuant to concurrent reciprocity jurisdiction to enter a judgment against Defendants in the amount of **$75,000.00 compensatory/statutory damages.**

5. Paul Volpe, as director of the Office of Budget and Management for the City of Chicago, and as a person in his own right; and Tom Kness as Director of the Hired Truck Program for the City of

3

Chicago, and as a person in his own right, abused their positions within the incorporated governmental unit known as "The City of Chicago"; did unlawfully, with bad faith knowledge and intent, secrete, obtain and/or divert to a third party or parties unknown, with the full bad faith knowledge, intent and knowledge with full cooperation of the third party and that parties accountants and lawyer, and that governmental monies due Plaintiff for good faith trucking/cartage work performed, and Volpe with Kness, commingled these governmental monies with city, personal and/or third party funds, and that, in additional bad faith breach of contract terms assigned Plaintiffs MBE guaranteed work percentage of work to other vendors, and/or denied payment and work as contracted between the parties.

    i. Volpe and Kness have acted interchangeably with each other in meetings, billing discussion and dispute, and MBE certification requirements with this Plaintiff, and both have co-operated together to abuse the positions they have within the City of Chicago and the contract between the parties.

    ii. Paul Volpe, as a person in his own right, and as agent of the City of Chicago, is equally, jointly with all severability, liable for all claims alleged herein, and any judgment Plaintiff may obtain herefrom.

    iii. Tom Kness, as a person in his own right, and as agent of the City of Chicago, is equally, jointly with all severability, liable for all claims alleged herein, and any judgment Plaintiff may obtain herefrom.

    A. Pursuant to Illinois law, fair business practices, escrow and trust law, a person that abuses his/her position to deny money or opportunity to earn monies, as Volpe and Kness have their positions, is liable for a $5,000.00 judgment, per act or period, to a maximum of $50,000.00.

    i. Plaintiff moves this Court to enter judgment against Paul Volpe in the amount of **$50,000.00 compensatory/statutory damages**.

        ALTERNATIVELY

$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    ii. Plaintiff moves this Court to enter judgment against Tom Kness in the amount **$50,000.00 compensatory/statutory damages.**

        ALTERNATIVELY

$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    iii. Plaintiff moves this Court to enter a "John Doe" judgment against third party participants with Kness and Volpe in the amount of **$50,000.00 compensatory/statutory damages**

        ALTERNATIVELY

$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    iv. Plaintiff moves this Court to enter a judgment against all accountants and attorneys for the "John Doe" third party and specialty insurance carriers in the amount of **$50,000.00 compensatory/statutory damages.**

        ALTERNATIVELY

$50,000.00 X 7 contract periods for a **$350,000.00 compensatory/statutory damages**

    B. If Kness, Volpe, unknown third parties, and accountants and attorneys thereof claim they were merely following orders of clients or superiors, Plaintiff, Lacy herewith invokes and claims such statement is a violation of **"The Anti Nuremberg Trials Defense Act"**, which would entitle Plaintiff to an additional $75,000.00, but reference (par. 4, sub A, item iii) herein.

    i. Any such claims by any defendants known or unknown, as a matter of law is an admission of guilt.

    ii. Any such statement by any defendant violating this act is an admitted accusation on that individual's superior.

    6. Plaintiff acknowledges the statutory privilege and authority of Mayor Richard M. Daley as afforded all duly elected office holders of executive branch of any level of government within the State of Illinois to argue, arbitrate, settle, in any action, in any court, in his own person with counsel present and participating in procedures and that as the duly elected Mayor of the City of Chicago may deny or

Case 1:08-cv-00056   Document 1   Filed 01/03/2008   Page 9 of 23

admit personal knowledge and/or participation in the malfeasant/misfeasant actions of his subordinates, as all members of the executive branch of government are so authorized, therefore Plaintiff herewith submits, combines and includes within this answer;

### DECLATORY AFFIDAVIT OF RICHARD M. DALEY

A. If Mayor Richard M. Daley denies any personal knowledge of his subordinates unlawful actions, Plaintiff has no legal means or process just as no prosecutor or legal entity, has no legal means or mechanism of process to proceed against him.

B. If Mayor Daley admits, or fails to deny, personal knowledge and/or participation of, or with the unlawful actions of his subordinates, as herein claimed, he is personally, jointly, with all severability, equally liable for all claims made by Plaintiff, and/or any judgments entered on behalf of this Plaintiff.

7. Defendants, through and with their attorneys, filed a **Motion to Dismiss** pursuant to Ch. 735 ILCS 5/2-619.1, using arguments they claim are authorized by Sec. 2-615 and 2-619, pursuant to 619.1, that as a matter of law, rule of law, rules of this Court, this Court must view as equivalent to a motion for summary judgment.

A. The Federal Rules of Civil Procedure, are similarly equivalent.

8. Within the context of a motion to dismiss, equivalent to a motion for summary judgment, the party filing said motion to dismiss is prohibited from arguing issues of fact and/or matters of law for being cause for the ruling Court to dismiss the matter the filing party is seeking to dismiss.

A. As is in compliance with the Federal Rules of Civil Procedures.

9. If the party filing the motion to dismiss, within said motion, argues issues and matters of facts or matters of law more properly adjudged by the Court or facts at issue, or of the substantive issues before the court, or facts more properly decided by a jury, that party filing the motion to dismiss has constructively entered a plea of "NO CONTEST", pursuant to the very sections these Respondents argued and filed their motion, (ILCS 2-615; 2-619), that as a matter of law the ruling Court, this Court, must accept Respondent's constructive plea of "No Contest".

A. Federal Law, rules and case law precedent support and agree with this Judicial Instruction.

10. Whether by design or attorney error, these Respondents argue facts at issue, including but not limited to, work guarantee, the existence of a contract, proper rate of pay for trucking work and/or whether or not the alleged contract was breeched or not.

A. Lacy argues all MBE's have a guaranteed work percentage of total work, versus Respondent's claim of no guarantee, (par. 21, pg. 7) of the motion to dismiss.

B. The City of Chicago argues no contract in their motion v. Plaintiff states footnote #4, page 7 uses the contract tort language reference (...Program Rules, to which Plaintiffs agreed to adhere.) and Lacy states such language use is a clear admission of contract existence, and the public record and law and regulatory rules of all MBE program funding requirements is a multi-part contract between all levels of government, including the Federal Government, and this MBE certified Plaintiff.

11. The use of footnote #4 on page 7, of Respondents' Motion to Dismiss is prohibited by law and case law precedent within the context of a motion to dismiss, and that Plaintiff Lacy states the use in this motion, by these Respondents' and Respondent's Attorneys, is face value evidence of a clear and express admission, and confession, by Respondents, that this Plaintiff's claims are with merit and true, and these Respondents have wronged this Plaintiff, and face value admission and confession to having filed their Motion To Dismiss, in a bad faith and contemptuous disregard of Plaintiff's rights, this Court, this Court's Rules and law, and that such flagrant abuse and disregard of this Court and the

5

Illinois Representative's Professional Code of Conduct may subject Respondents' attorney's to sanctions at this Court's discretion.

12. Respondents' Motion to Dismiss contains issues of law that should only be decided by the trial court including, but not limited to, a Pro Se` litigant, holder of a CDL, may defend his right to work, and/or, enforce contracts regarding his license and trucking business and enforce payment and other guarantees subject to the terms of a trucking contract, and that, no officer of a transportation corporation may defend said corporation in any litigation, (should the court consider a captain of a ship and maritime law?) and in this matter, an officer of this trucking company, Lacy Enterprises, may represent the company, Pro Se', and if not, Plaintiff maintains he may, the court, as a matter of law, must decide that issue, or allow a jury to decide, and that, having raised this issue in their dismissal motion,  these Respondents' have mistakenly caused the denial of their motion to dismiss and, as a matter of law, and irrevocably on the record, constructively entered a plea of "No Contest."

   A. As a more extended and subtle matter of law this Plaintiff asks this Court to consider is the inclusion of this issue in their dismissal motion is an unlawful pleading, that denies the supremacy clause of all Federal Law; and the insistent entry of "ignorance of the law defense; Respondents deny the supremacy of "The Uniform Commercial Driver's License Act of 1986", and/or are ignorant of the CDL Act's provisions; Both views, as a rule of law, require this Court to accept a "No Contest" plea from these Respondents, and enter a judgment in favor of this Plaintiff, for all relief sought.

   B. Plaintiff herewith incorporates into this answer, **"MOTION TO CONSOLIDATE CASES"**.

13. Pursuant to both Federal and Illinois laws and rules, any party entering a plea of "No Contest" also waives that party's right to an appeal.

WHEREFORE, PLAINTIFF MOVES THIS COURT TO GRANT THE FOLLOWING RELIEF;

14. Deny Respondents' motion to dismiss and adjudge and decree Respondents, within the context of a motion for summary judgment, have entered a plea of No Contest, waiving all appeal rights, and grant all relief Lacy is seeking.
15. Enter a judgment in favor of Lacy, and against all Respondents, in the amount of;
    **$9,828,000.00 ACTUAL DAMAGES**.
16. Pursuant to Federal Law, or as required by modification of the 1995 Tariff, for bad faith violation of a trucking contract and non-payment of good faith cartage work performed, Plaintiff moves this Court apply the bad faith doubler to actual damages for; **$19,656,000.00 ACTUAL DAMAGES;**
17. Apply the Illinois Bad Faith trebler to actual damages; **$29,484,000.00 ACTUAL DAMAGES**, in the alternative, apply both to actual damages; **$58,968,000.00 ACTUAL DAMAGES.**

18. Enter a judgment in all severability, jointly, personally and with equal liability against all Respondents, and in favor of Lacy for compensatory/statutory damages for the amount not less than; **$914,000.00 COMPENSATORY/STATUTORY DAMAGES**; but not more than the amount of **$12,590,000.00 COMPENSATORY/STATUTORY DAMAGES.**
19. Adjudge and decree that Defendants have abused governmental positions, unlawfully obtained governmental funds, unlawfully disbursed and commingled said funds with city, personal and third party assets in violation of **"THE ANTI- GOVERNMENTAL WASTE, FRAUD, ABUSE AND WHISTLEBLOWER'S PROTECTION ACT"** and that, this Plaintiff is entitled to **(21%)**, Twenty-one Percent, of all MBE recovered, or recoverable governmental funds subject to this court's assessment of damages and percentage due.
20. Adjudge and decree that Defendant Paul Volpe in all severability is jointly and equally as a person in his own right, and in his position with the City of Chicago liable in this civil matter, and expressly

with no criminal liability herein, for his knowledgeable and intentional abuse of his governmental position, violations of the Rico Act and the Illinois Anti-Racketeering Act and commingling and fraudulently diverting government monies and the judgment amount is herein plead, and is combined with #18 and #19 of this answer as part of relief sought.

21. Adjudge and decree that Defendant Tom Kness in all severability is jointly and equally as a person in his own right, and in his position with the City of Chicago liable in this civil matter, and expressly with no criminal liability herein, for his knowledgeable and intentional abuse of his governmental position, violations of the Rico Act and the Illinois Anti-Racketeering Act and commingling and fraudulently diverting government monies and the judgment amount is herein plead, and is combined with #18 and #19 of this answer as part of relief sought.

22. Adjudge and decree, in the form of a "John Doe order and warrant", against all third party and/or parties unknown, that have obtained governmental funds in cooperation with Kness and Volpe, in violation of the "Anti- Governmental Waste, Fraud, Abuse and Whistleblowers Protection Act", and the civil provisions of "The Rico Act and the Illinois Anti-Racketeering Act", trust law, escrow law, and commingling provisions thereto.

   A. And the accountants and attorneys that act and/or acted on behalf of the third party or parties.

   i. Enter judgment against the professional errors and omissions, and/or, the legal malpractice specialty insurance carriers of all.

23. Enter a judgment against Mayor Richard M. Daley as a person in his own right, with all severability, jointly and as an officer of the municipal corporation of the City of Chicago, with equal liability, if and only if Mayor Daley admits, and/or fails to expressly deny his personal knowledge and/or personal participation in the malfeasance/misfeasance actions of his subordinates, Kness and Volpe.

24. To determine and adjudge if the contemptuous pleadings filed by the Respondents rises to the level that would cause this Court to apply the bad faith, contempt quintupling rule of the Illinois Court Rules and Procedure.

   i. At the Court's discretion said rule authorize sanctions be entered against Respondents attorneys.

25. Enter and decree Respondents have entered a constructive plea of "No Contest" and thereby waive all appeal rights.

26. Grant and affirm Plaintiffs Motion to Consolidate, (Ex. Post Facto.)

27. Enter all decrees and adjudgments and determinations with acknowledgement of concurrent reciprocal jurisdictional statues for ratification, after removal, by the US District Court in Chicago, Illinois.


Wherefore Plaintiff affiant not sayeth further.

                    Sworn and certified to be true,


Pro Se Plaintiff Clemon Lacy d/b/a Lacy Enterprises
724 E. 104th St
Chicago, IL 60628
(773) 544-6422

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

Hern... et al.                    )
                                  )       No. 07 CH 26149
    v.                            )
                                  )
City of Chicago, et al.           )

### ORDER TO SET HEARING & BRIEFING SCHEDULE

THIS CAUSE coming before the Court on Plaintiff/Defendant's motion for: _Dismiss_

_Order_

IT IS ORDERED THAT:

1.  Movant's Memorandum shall be filed on/or before _____, 200_.

2.  Respondent's Response shall be filed on/or before ____24____, 200_.

3.  Movant's Reply shall be filed on/or before _____, 200_.

4.  Movant must furnish the Court with courtesy copies of all pleadings on the status hearing date including Plaintiffs complaint and relevant supporting documents Defendant's answer and all Federal & non-Illinois cases cited therein.

5.  This matter is set for status on _____ 200_ at 9:30 a.m. at which time courtesy copies are to be tendered to the court and a hearing date for said motion will be set.

6.  **NO SUPPLEMENTAL BRIEFS OF CITATIONS FILED WITHOUT LEAVE OF COURT.**

7.  No Continuance of any of the above dates will be granted without leave of court.

8.  There is a **_strict 15 page limit_** on all filings.

    Lack of compliance with any of the above may result in either striking or ruling on the motion without a hearing, as applicable.

Name: _____
Atty. Code: _____
Attorney for: _____
Address: _____
City: _____
Phone Number: _____

DATE: _____, 200_

ENTER: _____

**ENTERED**
JUDGE LeROY K. MARTIN JR.-1844
DEC 03 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

**JUDGE LEROY K. MARTIN, JR.**

Attorney No.   90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

Jaime Hernandez d/b/a Aztec Trucking, Inc.;      )
Peter Nelson d/b/a Nelson Trucking;              )
Robert Sanderson d/b/a Sanderson Trucking;       )
Connie Shaw d/b/a Tex's Trucking, Inc.;          )
James Williams d/b/a J&W Auto Parts & Sales,     )
Inc.; John Howell, d/b/a Howell Trucking,        )
Limited; and Clemon Lacy, d/b/a Lacy Enterprises, )
                                                 )
                    Plaintiffs,                  )      No. 07 CH 26147
                                                 )
             v.                                  )      Judge Leroy K. Martin, Jr.
                                                 )
                                                 )
City of Chicago, Tom Kness, (former Hired Truck  )
Program Director); Paul Volpe (former Budget     )
Director- OBM); and Mayor Richard M. Daley,      )
                                                 )
                    Defendants.                  )
                                                 )

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO SECTION 2-619.1

Defendant City of Chicago (the "City") and Defendants Tom Kness, Paul Volpe, and

Mayor Richard M. Daley, all named in their official capacities (collectively, the "Defendants"),

by their attorney, Mara S. Georges, Corporation Counsel, respectfully move this Court to dismiss

Plaintiffs' Complaint pursuant to Illinois Code of Civil Procedure Sections 2-619.1, 2-619, and

2-615. In support of this motion, Defendants state as follows:

   1.     Plaintiffs are seven trucking companies, including Aztec Trucking, Inc., that,

are being represented, pro se, by the President of Aztec Trucking, Inc., Jaime Hernandez.

   2.     Mr. Hernandez has filed a one-page, handwritten, pro se complaint on behalf of

his trucking company, Aztec Trucking, Inc. and the rest of the plaintiff trucking companies.

   3.     Plaintiffs' one-page, handwritten complaint contains no separate causes of action.

no numbered paragraphs, and no prayers for relief.

4.    Plaintiffs' Complaint appears to relate to Plaintiffs' participation in and the termination of the City's Hired Truck Program. As discussed below, Plaintiffs' complaint contains no legally cognizable claim.

I.    **2-619 Motion to Dismiss:**
      **Plaintiff Companies Cannot Be Represented Pro Se; As a Consequence, Their Complaint Should Be Dismissed and Is Null and Void** *Ab Initio.*

5.    Motions to dismiss under section 2-619 of the Illinois Code of Civil Procedure allow "for a threshold disposition of questions of law and easily proven issues of fact." Webb v. Damisch, 362 Ill. App. 3d 1032, 1037 (1st Dist. 2005) (citation omitted). For purposes of the motion, "[a] section 2-619 motion admits the legal sufficiency of the complaint and raises other defects or defenses that defeat the claim." Krueger v. Lewis, 359 Ill. App. 3d 515, 520 (1st Dist. 2005). Among other reasons, section 2-619 motions to dismiss can be brought based on lack of subject matter jurisdiction or based on "other affirmative matter avoiding the legal effect of or defeating the claim." See 735 ILCS 5/2-619(a)(1) and (9). Affirmative matters "must be apparent on the face of the complaint or supported by affidavits or other evidentiary materials." Webb, 362 Ill. App. 3d at 1037.

6.    In the present case, Jaime Hernandez has filed the Complaint, pro se, on behalf of his own trucking company, Aztec Trucking, Inc. and six other trucking companies. Mr. Hernandez indicated that he was filing pro se in the Attorney Number space on both the Summons and Complaint served on Plaintiffs. See Complaint and Summons for Defendant City of Chicago, attached as Ex. A. Thus, it is evident from the face of the Complaint that Hernandez is attempting to proceed pro se on behalf of the seven trucking companies named in the caption

of the Complaint.[1]

7.    Pro se plaintiffs can only represent themselves "in their proper persons." and cannot hold themselves out as "provid[ing] legal services." See 705 ILCS 205/11 and 205/1.

8.    Since laypersons can only represent themselves, "[o]ne not duly authorized to practice law may not represent another in a court of law." Blue v. People, 223 Ill. App. 3d 594, 596 (2d Dist. 1992); see also Nat'l Bank of Austin v. First Wisc. Nat'l Bank of Milwaukee, 53 Ill. App. 3d 482, 488 (2d Dist. 1977) ("Illinois law requires that all who represent others in courts of law be attorneys at law."); 705 ILCS 205/11. If a layperson does try to represent someone else, "the suit should be dismissed." Blue, 223 Ill. App. 3d at 596. Since Hernandez, as a layperson, is trying to represent both his own trucking company and other trucking companies, the Complaint should be dismissed as to all Plaintiffs.

9.    Hernandez not only is prohibited, generally, from representing "others," but, more specifically, "Illinois law provides that a corporation [such as Aztec Trucking, Inc. and the six other trucking companies] must appear by counsel in legal proceedings and that any action filed without an attorney is null and void ab initio." Siakpere v. City of Chicago, 374 Ill. App. 3d 1079, 1081 (1st Dist. 2007); Housing Authority of County of Cook v. Tonsul, 115 Ill. App. 3d 739, 740-42 (1st Dist. 1983); see also Illinois Secretary of State Corporation File Detail Report

---

[1]    Likewise, a lawyer search of the website for the Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois (the "ARDC") showed no attorneys in the ARDC database matching "Jaime Hernandez." See November 20, 2007 ARDC Searches for "Jaime Hernandez," "Hernandez" and "Calumet City," and "Hernandez" and "Chicago" attached as Ex. B; see also Village of Riverwoods v. BG Ltd. Partnership, 276 Ill. App. 3d 720, 724 (1st Dist. 1995) (stating "[a] court may take judicial notice of facts when addressing a section 2-619 motion[]" and that "[j]udicial notice is proper where the document in question is part of the public record and . . . will aid in the efficient disposition of a case.")

for Aztec Trucking, Inc., showing Aztec Trucking, Inc. as corporate entity with Jaime Hernandez serving as President and Agent), attached as Ex. C.[2]  Therefore, on that specific basis and based on the general prohibition on the pro se representation of others, Mr. Hernandez cannot represent his own company or any other companies before this Court.  As a consequence, Plaintiffs' Complaint should be dismissed.[3]

**II.**    **2-615 Motion to Dismiss**

    **A.**    **Plaintiffs have failed to present a legally or factually sufficient complaint.**

    10.    A section 2-615 motion to dismiss "attacks the legal sufficiency of the plaintiffs' complaint based on defects apparent on the face of the complaint."  Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575, 586 (1st Dist. 2005).  For such a motion, the Court determines "whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted."  Vernon v. Schuster, 179 Ill.2d 338, 344 (1997).  For a section 2-615 motion, "the court must accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts[,]" but "may disregard legal and factual conclusions unsupported by allegations of fact."  Guinn, 361 Ill. App. 3d at 586.

    11.    Illinois law "requires that a plaintiff present a legally and factually sufficient

---

[2]   See Maldonado v. Creative Woodworking Concepts, Inc., 296 Ill. App. 3d 935, 938 (3d Dist. 1998) (stating courts may take judicial notice of public records of Secretary of State); Country Companies v. Universal Underwriters' Ins. Co., 343 Ill. App. 3d 224, 229 (3d Dist. 2003) (taking judicial notice of filing with Secretary of State).

[3]   The same prohibitions on pro se representation of others applies to class actions as well.  See, e.g., People v. Property Tax Appeal Bd., 22 Ill. App. 3d 316, 320 (2d Dist. 1974) (stating "a lay person, is privileged to appear on her own behalf but she has no such privilege or authority to represent in courts of law other persons or a class unless admitted to the practice of law.").

complaint." Id. In particular, since Illinois is a fact-pleading jurisdiction, "[a] plaintiff must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted." Vernon, 179 Ill.2d at 344.

12.    A party appearing pro se has to follow the same procedural rules as a licensed attorney. See Dombrowski v. City of Chicago, 363 Ill. App. 3d 420, 425 (1st Dist. 2005) (finding that "a party's pro se status does not relieve his or her of the burden of complying with the procedural rules."); Epstein v. Galuska, 362 Ill. App. 3d 36, 39 (1st Dist. 2005).

13.    Plaintiffs' one-page, handwritten Complaint is not legally sufficient. The Complaint (i) does not set out any causes of action, separate or otherwise, (ii) is not set out in consecutively numbered paragraphs, and (iii) does not set out any specific prayers for relief. See Complaint at Ex. A; see 735 ILCS 5/2-603 (stating that all pleadings "shall contain a plain and concise statement of the pleader's cause of action[,]" with [e]ach separate cause of action . . . [to] be stated in a separate count" and each count to be "divided into paragraphs numbered consecutively, each paragraph containing, as nearly as may be, a separate allegation."); see 735 ILCS 5/2-604 (requiring that "[e]very count in every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself or herself entitled[.]").

14.    Plaintiffs' Complaint should be dismissed for failing to set forth any causes of action. See 735 ILCS 5/2-603 (requiring proper complaint to contain causes of action); see also People v. Carriage Way West, Inc., 88 Ill.2d 300, 308 (1981) (stating that, to be legally sufficient, a complaint "must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed.").

15.    Likewise, Plaintiff's Complaint should also be dismissed for failing to provide any prayers for relief and not letting either the Court or Defendants know what they are seeking by their lawsuit.. See 735 ILCS 5/2-604 (requiring proper complaint to contain prayer(s) for relief); see also Layton v. Miller, 25 Ill. App. 3d 834, 836-37 (5th Dist. 1975) (finding petition that contained no formal prayers for relief was not "a plain concise statement of the pleader's cause of action" as required by law).

16.    Finally, to the extent Plaintiffs' Complaint relates to any alleged contracts with the City, Plaintiffs were legally required to attached any such contracts as exhibits to the Complaint. See 735 ILCS 5/2-606 ("If your claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein[.]") (emphasis added); see, e.g., Rollins v. Gen'l American Transp. Corp., 46 Ill. App. 2d 266, 273 (1st Dist. 1964) (finding under Illinois Code of Civil Procedure, Plaintiff alleging existence of contract must attach the same or state its relevant terms in his complaint).

17.    Plaintiffs' one-page handwritten complaint is also factually insufficient.  To bring a factually sufficient complaint, a plaintiff "must allege facts sufficient to bring his or her claim within the scope of the cause of action asserted." Vernon, 179 Ill.2d at 344; see also Carriage Way West, 88 Ill.2d at 308.  Not only do Plaintiffs not allege any causes of action, but the mish-mash of facts presented in Plaintiffs' Complaint does not even fall within any hypothetical cause of action (e.g. "The city also required gas on our trucks and mandatory recertification of our equipment."). Id.; see Compl'int at Ex. A.  As a consequence, having brought a Complaint, lacking facts sufficient to bring claims within the scope of causes of action (causes of action that have not even been asserted), Plaintiffs' Complaint should be dismissed.

18.    Furthermore, it is unclear which allegations, if any, apply to Paul Volpe, Tom

Kness, or Mayor Richard M. Daley, as individual defendants (albeit in their official capacity), as

not one of them is mentioned by name in the body of the Complaint.

**B.    Even if Plaintiffs had brought a legally and factually sufficient Complaint, any claims relating to any alleged breach of contract based on termination of the Hired Truck Program would be dismissed.[4]**

19.    Even if Plaintiffs had properly alleged a breach of their alleged contracts based on

termination of the Hired Truck Program, any such claim lacks merit and should be dismissed.

20.    The City's right to terminate the Hired Truck Program is expressly stated in the

Program's rules. The Hired Truck Program Rules (the "Rules") explicitly state that "[t]he city

has the right to change the rules of the Hired Truck Program and to terminate the Hired Truck

Program at any time." See April 2004 Hired Truck Program Rules at I-2, attached as Ex. D; see

Busch v. Bates, 323 Ill. App. 3d 823, 832 (5th Dist. 2001) (stating that "courts may take judicial

notice of an agency's rules and regulations as matters of public record."); Acme Brick and

Supply Co. v. Dep't of Revenue, 13 Ill. App. 3d 757, 762 (2d Dist. 1985). The Rules go on to

say that:

> the City has the right to terminate or modify the Hired Truck Program at any time and that any expenses or risks incurred by the Company, including equipment leases and purchases, are exclusively those of the Company and are not the responsibility of the City

See Rules at I-2, Ex. D. The Rules further state that "[b]y submitting this application, the

Company agrees to adhere to the Hired Truck Program rules, as described above and in the

---

[4]    In seeking dismissal on all of the above grounds, Defendants reserve all other arguments or affirmative defenses, whether procedural or on the merits, that they might have in defense to Plaintiffs' Complaint. Such arguments might include, but are not limited to, the alleged acts by Defendants being within and pursuant to the Hired Truck Program Rules, to which Plaintiffs agreed to adhere.

application form." Id.

21.    The only court to consider a contract-related claim brought by a participant in the Hired Truck Program dismissed the claim. In <u>Dietz's, Inc. v. City of Chicago,</u> a Northern District of Illinois District Court found that participants in the Hired Truck Program did not even have a contract to be breached. <u>See</u> No. 05 C 684, 2005 WL 2592550, at *3 (N.D. Ill. Oct. 11, 2005) (finding Hired Truck Program "rules did not create a contract between Dietz's and the City" since "compliance with the Program's requirements and subsequent placement on the Hired Truck list did not guarantee that a company would receive work from the City."), attached as Ex. J; <u>see also</u> Rules at I-2 ("submitting this application does not guarantee admission to or participation in the Hired Truck Program."). The <u>Dietz's</u> court further found that the termination language contained in the Hired Truck Program Rules eliminated any trucking company claims to future City business. <u>See Dietz's,</u> 2005 WL 2592550 at *4 ("Through such language, the City effectively disavowed any intention of providing continuing participation in the program to any company or maintaining the program in perpetuity.").

22.    Therefore, even if Plaintiffs had been able to properly allege any claims, to the extent those claims would have been based on breach of contract through termination of the Hired Truck Program, any such claims would be dismissed based on both the plain language of the Hired Truck Program Rules and on the District Court case law.

WHEREFORE, for the reasons stated herein, Defendants the City of Chicago, Tom Kness, Paul Volpe, and Mayor Richard M. Daley respectfully request that this Court dismiss Plaintiffs' Complaint pursuant to both 735 ILCS 5/2-619 and 735 ILCS 5/2-615 and grant

Defendants such other relief as the Court deems just and proper.

DATED: November 26, 2007

Respectfully submitted,

Mara S. Georges, Corporation Counsel, for
the CITY OF CHICAGO, TOM KNESS, PAUL
VOLPE, and MAYOR RICHARD M. DALEY

BY: _____
                One of Their Attorneys

Mardell Nereim
John F. Schomberg
Constitutional and Commercial Litigation Division
City of Chicago Department of Law
30 North La Salle Street, Suite 1230
Chicago, IL  60602
(312) 744-6975/(312) 742-5147
Attorney No. 90909

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jaime Hernandez d/b/a Aztec Trucking Inc;
Peter Nelson d/b/a Nelson Trucking; Robert
Sanderson d/b/a Sanderson Trucking; Konnie
Shaw d/b/a Texis Trucking, Inc; James William
Hearst; Wayne Parts Sales, Inc;
John Howell d/b/a Howell Trucking Limited
Clemon Lacy d/b/a Lacy Enterprises

**Plaintiff(s)**

No. **07CH26147**

Contract 6156, 6200, 6205, 16801, 615-6286

Amount Claimed $ ___ ,000

Return Date ___

City of Chicago, Tom Kress, Paul Volpe
Mayor Richard M. Daley.

**Defendant(s)**
(for Hired Truck Program Director) (for Budget Director)

## COMPLAINT

**The Plaintiff(s) claim(s) as follows:** We were participants in the City of Chicago's Hired Truck Program when the city of chicago broke our contracts by firing us and ending the program. The city claimed that they could save millions by ending the Hired Truck Program and lease tractors and trailers from companies such as will rent and S.E.S. A meeting with officials from the Hired Truck Program was held in which we proposed several ideas to them, that if they kept us on that it would be at a savings to Taxpayers, instead of their idea of leasing the equipment which does not save because the city is paying them twice as much. Some of the ideas that we proposed were to become union, a small rate increase of $5.00 to offset the high cost of liability insurance ($1 million), and faster payment for work that had already been completed. (On one occasion we waited over a quarter for payment). Everything that we asked for was not unreasonable, desire we work in since 1999 for the same rates, we were turned down. The city required us to recertify, and to pay a $250 recertification fee, G.P.S. was not required for certify yet. The city also required GPS on our trucks and immediately recertification of our equipment. Keeping drivers was virtually impossible as the city plucked around with our money and also with the work they gave us, some companies went into debt that some went bankrupt. Inspectors were sent to our business, our trucks were followed, we were disciplined by tract of Chicago until the program not in so much debt that some ...ent out of business, therefore no city division of work still ... greivances that at the time the city fired us, those who had still and participate in company. This all had to do with lad and corruption ... form and nature. are still working for the city of Chicago in ...

I, **Jaime Hernandez** certify that I am the
(Name)                                                         (Name of Attorney if applicable)

plaintiff in the above entitled action. The allegations in this complaint are true.

*Initial*

Atty. No.: **Pro Se 99500**    Pro Se  99500              Dated: ___

Atty. (or Pro Se Plaintiff)

Name: **Jaime Hernandez**                                    Signature

Address: **318 Saginaw**

City/State/Zip: **Calumet City, IL 60409**

Telephone: **(312) 215-5150**



**FILED**
J.N Jan 3, 2008
JAN X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**US DISTRICT COURT NORTHERN DISTRICT**

TO: City of Chicago   Paul Volpe   Tom Kness   Mayor Richard M. Daley
John F. Schomberg
Mardell Nereim
Corporation Counsel
30 North LaSalle St.
Chicago, IL 60602

08cv56
Judge MANNING
Mag. Judge MASON

### NOTICE OF CONCURRENT JURISDICTION FILING AND MOTIONS

To above named Respondents, or attorney(s) of record, the undersigned has filed **(1.) Removal Motion; (2.) Motion to Consolidate; (3) Affidavit of Mayor Daley;** has been filed in this U.S District Court, establishing reciprocal jurisdiction of this matter and answer filed in the Circuit Court of Cook County, Chicago, Illinois, (Notices Attached), and that on January 11, 2008, in Room 2008, of the Daley Center, Chicago, Illinois, before Judge Martin, or any judge sitting in his stead, judgment may be entered against you, but no later than February 11, 2008, shall the Cook County, Illinois court enter a final order in this, upon such entry of final order, jurisdiction of this matter will be removed to the U.S District Court, Chicago, Illinois, for ratification of judgment, as may be assigned in accord with the District Court's rules.

_____
Pro Se Clemon Lacy d/b/a Lacy Enterprises (by Sharone Jiles)

### Certification of Service

I, Clemon Lacy had mailed, by U.S First Class Postage, prepaid, to the above attorney of record.

Certified and sworn to be true

_____
Clemon Lacy d/b/a Lacy Enterprises (by sharonaJiles)
724 E. 104th St.
Chicago, IL 60628