# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 56 | **DATE** | January 10, 2008 |
| **CASE TITLE** | *Lacy v. City of Chicago* | | |

**DOCKET ENTRY TEXT:**

This case is dismissed as duplicative of 08 C 52. The clerk is directed to return the filing fee to the plaintiff.

■[ For further details see text below.]

### STATEMENT

This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper. The pro se document opening this case is styled as a notice of removal. Cases can be removed from state court to federal court when a plaintiff sues a defendant in state court and federal jurisdiction (*i.e.*, the power to hear a case) exists because either: (1) the parties are from different states and the amount in controversy exceeds $75,000; or (2) the state court complaint seeks relief under federal law. If either of those scenarios exist, all of the defendants (*not* the plaintiff, who chose a state court forum when he filed his complaint in state court) can remove the case to federal court. In this instance, however, the plaintiff has filed a notice of removal and appear to be trying to shift his state court case to federal court so this court can revisit decisions made by the state court.

As a general matter, federal district courts may not exercise jurisdiction in an appellate capacity over the state court judicial process. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This principle is known as the *Rooker-Feldman* doctrine. Normally, the court would construe this filing as a complaint and then consider whether an independent basis for federal jurisdiction exists and whether the *Rooker-Feldman* doctrine bars the plaintiff's claims. However, the court noticed that the plaintiff filed an identical complaint (No. 08 C 52), which was assigned to Judge Guzman (the court also notes that the plaintiff filed two other cases – Nos. 08 C 53, 08 C 54 – which appear to be related and were assigned to Judge Gottschall). Because this case is duplicative of the lower-numbered case before Judge Guzman, it is hereby dismissed.

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|